**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

_____
                        :

**R. ALEXANDER ACOSTA**, Secretary   :
of Labor, United States Department of   :
Labor,   :
                        :

                Plaintiff,   :    Civil Action No. 18-cv-553
                        :

        v.                  :
                        :

**EAU CLAIRE INSULATION, LLC**,   :
**PATRICK SMITH**, **Individually, and**   **:**
**JAKE SMITH, Individually,**   :
                        :

            Defendants.   :
                        :
_____ :

## <u>COMPLAINT</u>

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor,

brings this action for injunctive and other relief pursuant to the provisions of Section 11(c) of the

Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. § 660(c).

### I.

Jurisdiction of this action is conferred upon the Court by Section 11(c)(2) of the Act, 29

U.S.C. § 600(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

### II.

(a)    Defendant Eau Claire Insulation, LLC ("Defendant Eau Claire"), is a limited

liability company, organized under the laws of the State of Wisconsin, and at all material times,

maintained a place of business at 1125 Starr Ave. Eau Claire, WI 54703, and has been engaged

in the business of operating a construction insulation company, within the jurisdiction of this Court.

(b)    Defendant Patrick Smith is an owner of Defendant Eau Claire.

(c)    Defendant Jake Smith is a manager of Defendant Eau Claire.

(d)    Defendants were, at all times material herein, "persons," as defined by section 3(4) of the Act, 29 U.S.C. § 652(4), and "employers," as defined by section 3(5) of the Act, 29 U.S.C. § 652(5).

### III.

(a)    Matthew Schoch ("Mr. Schoch") was employed by Defendants from September 29, 2013, to February 26, 2016, first as a Spray Foamer and then as a Crew Lead at Defendants' workplace located at 1125 Starr Ave. Eau Claire, WI 54073.

(b)    Mr. Schoch was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. § 652(5), (6).

(c)    On October 7, 2015, Mr. Schoch sought medical attention for his chronic cough. Mr. Schoch's medical provider suggested that he may have an allergy to spray foam and advised him to stay away from spray foam in order to determine whether it was the cause of his chronic cough. Mr. Schoch's medical provider wrote a letter to Defendants that explained that Mr. Schoch was prohibited from working with spray foam product for five days.

(d)    On October 12, 2015, Mr. Schoch returned to work and provided Defendants with the doctor's order, instructing Mr. Schoch to avoid the spray foam for five days.

(e)    On October 12, 2015, Mr. Schoch advised his supervisor that he wanted to file for worker's compensation benefits based on his chronic cough.

(f)     On October 19, 2015, Defendants submitted a "Report of Injury" to the Worker's Compensation Division of the Wisconsin Department of Workforce Development noting the date of injury as October 7, 2015.

(g)     On December 29, 2015, Mr. Schoch was seen by an emergency room doctor regarding his continued chronic cough. Mr. Schoch told the emergency room doctor that he worked with spray insulation which he believed was a contributing factor to his cough. The doctor wrote a note to Defendants excusing Mr. Schoch from all work that exposed him to foam insulation because he had a respiratory sensitivity that compromised his ability to breathe.

(h)     Defendant initially limited Mr. Schoch's job assignments to reduce his exposure to the spray foam, however Mr. Schoch continued to be exposed to the spray foam and continued to complain to Defendants regarding the additional exposure.

(i)     On February 10, 2016, Mr. Schoch visited a doctor for a worker's compensation evaluation. Mr. Schoch told the doctor that Defendants provided respirators for working indoors, but not air supplied respirators. The doctor wrote a report reflecting Mr. Schoch's concern with the respirators provided by Defendants and recommended Defendant consider providing air supplied respirator for indoor use. The doctor also referred Mr. Schoch to a Pulmonary Specialist and instructed him to stay away from spray foam.

(j)     On February 22, 2016, Mr. Schoch filed an anonymous health and safety complaint with the OSHA Eau Claire Area Office. Mr. Schoch's complaint alleged that: 1) Defendants did not provide a fresh air supply on construction projects in confined spaces when using spray insulation and 2) Defendants did not have an adequate hazard communication program including training, safety data sheets, and a written program.

3

(k)    On February 22, 2016, the Eau Area Office OSHA notified Defendants of the health and safety complaint and requested Defendants provide information to OSHA regarding the complaint allegations.

(l)    On February 23, 2016, Defendants posted the February 22, 2016 OSHA complaint notification letter in the workplace, as required by OSHA.

(m)    On February 23, 2016, Mr. Schoch's Pulmonary Specialist contacted Defendants and requested the safety data sheets for the spray foam used by Defendants in order to prepare for the February 24, 2016, worker's compensation medical visit.

(n)    On February 24, 2016, Mr. Schoch saw the Pulmonary Specialist for the worker's compensation medical visit. Mr. Schoch told the doctor that he was unsure whether his employer was providing employees with the appropriate respirator. The doctor created a report of the visit which included, *inter alia,* Mr. Schoch's concern about whether Defendants provided the appropriate respirators to its employees.

(o)    On February 24, 2016, Mr. Schoch returned to work and Mr. Schoch provided the Pulmonary Specialist's report to Defendants.

(p)    On February 24, while Mr. Schoch was unloading a truck, Supervisor David Wood asked him if he had anything to do with the OSHA Complaint. Mr. Schoch denied he had any involvement out of fear for his job.

(q)    On February 26, Mr. Schoch's Pulmonary Specialist sent his report from Mr. Schoch's February 24, 2016 worker's compensation visit.

(r)    On February 26, 2016, Defendant Jake Smith telephoned Mr. Schoch and informed him he was terminated because of his attendance record.

4

**IV.**

(a)    On or about February 29, 2016, Mr. Schoch filed a timely complaint with Plaintiff, alleging that Defendants discriminated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), by terminating him for reporting a workplace injury and/or filing complaints under or related to the OSH Act.

(b)    Plaintiff thereafter investigated said complaint in accordance with Section 11(c)(2) of the Act and determined that Defendants violated Section 11(c)(1) of the Act.

**V.**

Because of Mr. Schoch's OSHA complaint and his informal complaints to Defendants, including his report of a workplace injury, statement that he wanted to begin the worker's compensation procedure, and complaints regarding his continued exposure to the insulation foam, Defendants discriminated against Mr. Schoch by discharging him from employment. Defendants have failed and refused and continue to fail and refuse to reinstate Mr. Schoch and compensate him for the time he should have continued to work for Defendants.

**VI.**

By the acts described in Paragraphs III and V above, Defendants did knowingly or maliciously discriminate and are discriminating against Mr. Schoch, because of his exercise of rights under, or related to, the Act. Defendants thereby engaged in, and are engaging in, conduct in violation of Section 11(c) of the Act, 29 U.S.C. § 660(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment:

A.    Permanently enjoining and restraining Defendants, its officers, agents, servants, employees and those persons in active concert or participation with it, from violating the provisions of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c);

B.      Ordering Defendants to make Matthew Schoch whole by (1) offering reinstatement to Mr. Schoch to his former position, or in lieu of reinstatement, providing him with front pay in an amount to be determined at trial; (2) reimbursing Mr. Schoch for lost wages and benefits that resulted from his termination, with interest thereon from the date due until paid; and (3) expunging from all personnel and company records references to the circumstances giving rise to Mr. Schoch's unlawful termination;

C.      Ordering Defendants to make Matthew Schoch whole by providing compensation to reimburse for any costs, expenses, and/or other pecuniary losses he incurred as a result of Defendants' discriminatory actions;

D.      Ordering Defendants to make Matthew Schoch whole by providing compensation for non-pecuniary losses, including emotional pain and suffering; and damage to his professional and personal reputation.

E.      Ordering Defendants to pay additional compensation to Matthew Schoch as exemplary or punitive damages in an amount to be determined at trial;

F.      Ordering the posting of notice for employees stating that Defendants will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act, 29 U.S.C. § 660(c);

G.      Awarding Plaintiff the costs of this action; and

H.      Ordering such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

| | |
|---|---|
| **P.O. ADDRESS:** | /s R. Jason Patterson |
| U.S. Department of Labor | **R. Jason Patterson (IL Bar#6304983)** |
| Office of the Solicitor | Trial Attorney |
| Eighth Floor | |
| 230 S. Dearborn Street | Attorneys for **R. ALEXANDER ACOSTA**, |
| Chicago, Illinois  60604 | Secretary of Labor, United States |
| Telephone:  312/353-4995 | Department of Labor, Plaintiff |
| Facsimile: 312/353-5698 | |